## THE STATE ex rel. RICHARD F. VEEDER,

*vs.*

## ALEX. L. COLLINS, Judge of the Ninth Circuit.

The office of register of the state land office, created by the act of August 8, 1848, was not totally abolished by the act of July 6, 1853.

Where an appeal was taken by a contesting preemption claimant to certain lands of the tract granted to the state, to aid in the improvement of the Fox and Wisconsin Rivers, the register of the state land office remained the legal custodian of the certificate of purchase, and was held to be the proper officer to deliver the same over, on the order of the court, to the person entitled to receive it, notwithstanding the act of July 6, 1853.

The fact that the judge of the Circuit Court had been of counsel for one of the parties in a suit, does not disqualify him from executing a specific mandate of the Supreme Court, directed to the Circuit Court, of which he is the judge.

Although a demurrer admits all the facts well pleaded in the plea to which it is interposed, yet it does not admit mere propositions of law stated in such plea.

A mandamus will lie to a judge of a Circuit Court, to compel the execution of a mandate of the Supreme Court, directed to the Circuit Court.

THIS was a motion for a peremptory mandamus to be directed to the judge of the ninth judicial circuit, or rather to the Circuit Court of Columbia county, commanding said court to make an order, to be directed to the proper officer, for the issuing of a certificate of purchase of certain lands therein described.

Although many of the material facts, as well as the statutes applicable to the case, are set forth in the opinion of the court, yet a more full statement of the history of the proceeding is necessary, in order to a full understanding of the points decided.

The case out of which this application arose, is reported in the 3d volume of reports. *Veeder vs. Guppy, 3 Wis. Rep.* 502.

On the 8th day of August, 1846, Congress passed an act, granting certain lands to the state of Wisconsin, on her admission as a state into the Union, to aid in the improvement of the Fox and Wisconsin Rivers, and to connect the same by a canal. After the admission of the state, the legislature thereof accepted the grant, and, by an act, approved August 8, 1848, provided for the sale of the lands so granted, and for the application of

the proceeds thereof, to the purposes of the grant; and among the provisions of the act last mentioned, were prescribed those under which Veeder claimed the right of preemption of certain lands.

Veeder's claim was contested before the register, who decided in his favor, from which an appeal was taken to the Circuit Court of Columbia county, and from thence to the Supreme Court, where the right of Veeder was confirmed, and the cause was remanded to the Circuit Court of Columbia county, with directions to issue an order to the proper officer to issue and deliver to Veeder the certificate of purchase. On filing the remittitur in the Circuit Court the counsel for Veeder moved for the order indicated, but the Circuit Court refused the motion, on the ground that there was at that time no proper officer to issue the certificate. Hence this application. The return of the judge to the alternative writ is based upon the same ground, viz: that by the act of the legislature of July 6, 1853, the office of register was abolished, and that no provision of law existed by which the duties of that officer in this behalf were to be performed, and that there was no proper officer to whom the order indicated in the remittitur could be directed.

*D. J. Pulling*, for the relator, contended, that the register of the state land office was the proper officer to whom the order of the Circuit Court should be directed, and that he was still in office for that purpose. The register, by law, holds his office for one year and until his successor shall be appointed and qualified. *Rev. Stat. p.* 770, § 30. By the act of 1853, the office of register is not abolished; his acts and duties are only restricted and limited. *Sess. L.* 1853, *p.* 97, § 7.

By the 4th section of the act of July 6, 1853, only the lands remaining unsold were granted to the Fox and Wisconsin River Improvement Company, and by section 7 the duties of the register cease in relation to those lands. But the land in question had been sold to Veeder previous to that act. The register had passed upon the claim and an appeal had been taken. The act does not prohibit the acts of the register, but provides that no

compensation shall be allowed for his services rendered thereafter.

On the taking effect of the act of August 8, 1848, the right to enter the land in question with the register, became vested in Veeder. *Veeder vs. Guppy*, 3 *Wis.* 538. The word "right" in this connection means property or ownership. 1 *Black. Com.* 197; 2 *Burrill L. Dic.* 899.

The act of August 8, 1848, was in the nature of a contract, and gave Veeder that "right." The legislature could not change or alter it, and could not impair its obligations by abolishing the office of register, or declaring his duties ended. 3 *Wis. Rep.* 534; 7 *J. R.* 477; 3 *Wend.* 661; *Fletcher vs. Peck*, 2 *Pet. R.* 308; *U. S. vs. Arredondo*, 2 *Pet.* 691; *Dart. Col. vs. Woodward*, 4 *Wheat.* 518.

*E. G. Ryan*, contra. By the statute, Judge Collins, the respondent, is incompetent to issue the order in this case as required by the remittitur, he having been of counsel for Nancy Mars, one of the appellants in the case of the contesting claimants in the appeal.

The return states, as matter of fact as well as of law, that there was no register of the state land office, qualified to issue the certificate, and this fact is admitted by the demurrer and is conclusive upon the court in this stage of the proceedings.

The office of register was, to all the intents and purposes of this case, utterly abolished by the act of July 6, 1853.

But assuming that the title to the land is in the state, and that it is the duty of the state to make the title to Veeder, this is not the proper remedy. He should proceed by petition to the legislature, and then, if denied, by suit or petition against the state.

*Guppy*, in reply, cited 3 *Burrill Pr.* 180

*By the Court*, SMITH, J. By reference to the report of the matter of the appeal of J. J. Guppy from the decision of the re-

gister of the state land office, in relation to the right of entry of certain lands of the tract of land granted by the Congress of the United States to aid in the improvement of the Fox and Wisconsin Rivers, and to connect the same by a canal, reported at length in *3d Wisconsin Reports*, 502, it will be seen that Veeder, Mars and Guppy, as county judge and trustee for the settlers, applied, in 1853, to the said register, to enter a certain quarter section of land, part and parcel of said grant. The decision of the register was in favor of Veeder, and Guppy and others appealed to the Circuit Court of Columbia county, where the decision of the register was reversed, and the right of Guppy, trustee as aforesaid, was adjudged. Veeder and Mars, each separately, appealed from the decision of the Circuit Court to the Supreme Court, where the decision of the Circuit Court was reversed, and the right of Veeder was determined and established, and an order was entered, remanding the case to the Circuit Court " with instructions to said court, to make an order in said cause, to be directed to the proper officer, for the issuing of a certificate for the land in question in said cause, to the said Richard F. Veeder, in pursuance of the statute in such case made and provided."

On filing the remittitur, and certified copy of this order in the Circuit Court aforesaid, the counsel for Veeder moved the said court to make the order in conformity with the direction of the Supreme Court; which motion was denied. This application is now made to compel the said Circuit Court to make the order embraced in the motion, and in conformity with the direction of the Supreme Court.

The judge, in his return to the alternative writ, issued upon filing the relation, admits the making of the motion and the denial thereof, and for the reason " that there was no *proper officer*, to whom such order could, or should be directed, who lawfully might or could issue to the said Veeder the certificate of title mentioned in the order and direction aforesaid, of the Supreme Court."

The judge further returned " that by the laws of the state of Wisconsin, it was once the duty of the register of the state land

office to issue certificates in such sales, and that at the time of deny-ing the said motion, so made in the said Circuit Court, for the order aforesaid, there was no register of the state land office, to whom said order could be directed; nor was there then, nor is there now, any such officer, or officers, as the register of the state land office, nor any other officer liable, or qualified to issue the certificate aforesaid."

Upon this return, the counsel for Veeder moves for a peremp-tory writ of mandamus, to be directed to the circuit judge, to compel him to make the order required by the direction and judgment of the Supreme Court; on the ground: 1. That the register of the state land office, is the proper officer to issue the certificate of entry to Veeder, and that he is still in office for that purpose.

On a former occasion when this subject matter was before us on appeal, we decided that by the 42d section of the act to provide for the improvement of the Fox and Wisconsin Rivers, and to connect the same by a canal (*Rev. Stat. p.* 672), " any one, who at the time of the passage of that act (August 8, 1848), had the requisite improvement on any of the lands granted, which on partition should fall to the state, took, by virtue of the act, the right to enter such land in accordance with its provisions." The provisions of that act required of the claimant the payment of the purchase money to the receiver, the presentation of the receipt of the latter to the register, and to make his application for the land, with the proper proofs of his improvements, &c., with all of which provisions Veeder had complied; upon which it was made the duty of the register to issue to him a certificate of his entry and purchase of the land.

By an act of the legislature, approved February 1, 1853, it is provided that in case of conflicting preemption claims, the par-ties may appeal from the decision of the register to the Circuit Court of the proper county. Veeder's claim was contested by Guppy, as trustee for the settlers upon the land, or a portion of the land claimed, and by Nancy Mars, in her own right, and by some other claimants. The register decided in favor of Veeder, whereupon Guppy and Mars appealed, in which case it was pro-

vided by the act last mentioned, that no certificate should be issued by the register until the appeal should be decided, and the decision certified to him.

The seventh section of the same act provides for an appeal from the Circuit to the Supreme Court, and the sixth section provides that the court in which the appeal shall be tried shall make an order that the register issue a certificate for the land in question to the successful party, and shall award costs, &c.

By an act of the legislature, approved July 6, 1853, " an association for the completion of the improvement of the Fox and Wisconsin Rivers," was incorporated, to which the "lands granted by Congress, *remaining unsold*," were granted upon certain terms and conditions therein expressed. The seventh section of this act provides, that after the expiration of thirty days from the taking effect thereof by the full organization of the association, and filing the bonds required, the duties of the board of public works, of which the register was a member, should cease. Previous to the passage of this act, the term of office of the register was one year, and until his successor should be appointed and qualified. The association had been fully organized, and had filed their bonds more than thirty days previous to the filing of the remittitur from this court, and of the motion mentioned in the relation.

We have already seen that the right of Veeder was fixed by the act of 1848, and his compliance with its provisions.   3 *Wis. Rep.* 502.   He had made his application in due time and form, had paid his money, and had done all that the law required him to do.   As, however, there were contesting claimants, the statute directed the register to withhold the certificate of his purchase, until his right to enter the land in such manner (by preemption) should be decided by the proper court.   When the court decided in favor of his right so to purchase, he became entitled to a certificate of the purchase so made.   The decision of the court did not confer the right, but was declaratory of what his rights were.   During the pendency of the appeal, the register was the legal custodian or depositary of the certificate.   He held it in trust for the party who should be found entitled to it upon the

trial of the appeal; and we have no doubt that it would become his duty to issue the certificate to such party, in pursuance of the order of court.

But it is said that the act of July, 1853, abolished the office of register. Admit, for the .moment, that the office was abolished by that act, the person who filled it would remain, and if no other provision were made, he would continue to hold the papers in his custody for the use of such persons as might be entitled to them, and without doubt might be compelled to deliver them over, or submit them to such use as might be legally demanded. If, therefore, it were true that the office was abolished by the act of July 6, 1853, and the act of 1848 was thereby repealed, still the person in whose custody such certificate by law remained during the pendency of the appeal, would not be entitled to withhold it after the appeal should be determined. And if he could not withhold it from the person rightfully entitled to it, the latter should have the appropriate remedy to obtain its possession.

But the office of register is not, in terms, abolished by the act of July 6, 1853, nor the act of 1848 in this behalf repealed thereby. It only provides that after the expiration of thirty days, the duties of the register shall cease. Nothing further was to be required of him as such register. His ordinary and general duties had ceased. The lands were disposed of by the act; the improvement, and works connected therewith, were passed into other hands, and so, of course, the general and appropriate duties of the office ceased with the relation of the state as owner or trustee of the lands. But though these appropriate and ordinary duties of the register should cease, it is not to be supposed that the legislature intended to absolve that officer from the performance of any act which might become necessary to preserve the faith of the state, or to perfect its contracts. Certainly, it would seem, if such had been their intention, we should find some intimation of it in the language used by them in framing the act. None such is to be found. On the contrary, the act wisely avoids the total abolition of the office, because, in the multitude of business transactions in that office,

some ministerial acts, then undone, might require completion, and hence official character and responsibility are not entirely taken away.

The register, by the act of 1848, continued to hold the office until his successor was appointed and qualified. By the act of February, 1, 1853, it is made his duty to issue the certificate to the successful party in the appeal from his decision in case of conflicting preemption claimants, upon service upon him of the order of the proper court, when the appeal shall have been determined. In the act following, approved July 6, 1853, although it is declared that the duties of the register and receiver of the state land office shall cease, the act of February preceding is not repealed, and it becomes our duty to give effect to both. They are not only consistent, the one with the other, but from the nature of the several provisions of the two acts, it is difficult to perceive how the latter can constructively repeal the former, in any respect of the matters now under consideration. Indeed, an appeal under the former act could hardly be decided in the circuit, much less determined in the Supreme Court, before the latter act would take effect, and it is quite apparent that it was intended that such appeals should be heard, tried and determined, and their results carried out in conformity with the act which allowed them. Hence the register, for all the purposes necessary to perfect those appeals, and to execute the orders made therein, upon their determination, remained in office, and was, and is the proper officer to whom such order should be directed.

In either case, therefore, whether the register, during the pendency of the appeal was the mere legal custodian of the certificate of purchase, its delivery only postponed, or, whether the act of issuing the certificate on the order of the proper court, was an official act to be done by him as register, we have no doubt that that office was continued for all the purposes of the 8th section of the act of July 1, 1853. We are also of the opinion that that section continues in full force in relation to all appeals brought under it; and that the register in office when the act of July 6, 1853, took effect, is the proper officer, as well

as person, to whom the order of the Circuit Court should be directed ; and that his certificate, issued in conformity with such order, will be as valid and effectual as though the act of July 6, 1853, had not been passed.

It is suggested by the counsel for the respondent that the latter is incompetent to issue the order in this case, for the reason that he was of counsel for the appellant Mars, on the appeal. But this objection ought not to prevail, because the execution of the order of this court does not involve or require the exercise of judicial discretion, but only the execution of the mandate of this court.

Again ; it is insisted that the statement of the respondent in his return, that there is no proper officer to whom the required order can be directed, is a statement of fact, admitted by the demurrer. We think this is a misapprehension of the legal effect of the pleadings in the case. Undoubtedly a mere matter of fact, well pleaded, is admitted. by the demurrer. But such is not the case where the pleader asserts a proposition of law. The existence or non-existence of such officer, the repeal or non-repeal of the statute creating the office, its continuance or abolition, by force of subsequent statutes, and the like questions, are indubitably matters of law and not of fact, and hence their assertion in the pleading is not an admission of their truth by demurrer, nor is the court bound so to regard them.

Let the peremptory writ go.