William H. Sweezy, Appellant, *v.* Joanna M. O'Rourke, Respondent.

Contract — if compensation is wholly dependent upon the accomplishment of a particular result such provision should be clearly stated — construction of contract to drill well until water-bearing gravel is reached.

1. A person who contracts with another to do work is entitled to the prescribed compensation therefor. If the compensation is wholly dependent upon the accomplishment of a particular result the person for whom the work is done should express such unusual provision in terms so clear as not to be misunderstood.

2. Under a contract to drill an artesian well until the " pipe has reached water-bearing gravel " the question whether it was the intention of the parties to the contract that nothing should be paid for drilling the well unless fresh water-bearing gravel was reached is a question of law for the court and it must be held that the contractor was compelled to drill a well until the pipe reached water-bearing gravel, but that he did not warrant that the water to be obtained from the gravel when reached would be fresh, potable and fit for domestic purposes.

3. Where under such contract the well was driven by plaintiff's assignor and water obtained, but salt water which cannot be used for drinking purposes, and defendant refused to pay, and this action is brought for the contract price, the question whether the plaintiff drilled the well until the pipe reached water-bearing gravel is a question of fact for the jury, and where the jury, to which this question was left for determination, failed to agree it was error for the court on motion of plaintiff to direct a verdict for the plaintiff, but the order of the Appellate Division reversing the judgment for plaintiff and dismissing the complaint should be modified by striking out the provision dismissing the complaint and inserting in lieu thereof a provision granting a new trial.

*Sweezy* v. *O'Rourke,* 173 App. Div. 947, modified.

(Argued April 29, 1919; decided May 20, 1919.)

Appeal from a judgment entered April 22, 1916, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint,

On May 27, 1912, the assignor of the plaintiff and the defendant entered into a contract, evidenced by an offer in the form of a letter to the defendant's husband, who was acting for her, and which offer was accepted in the defendant's behalf by a written statement thereon. The letter and statement are as follows:

" Mr. L. M. O'ROURKE,
            " New York City:

" DEAR SIR.— I will drill you a well on the beach at West Hampton, Long Island, 6 inches in diameter for the sum of $4.75 per foot.

" I will furnish all material and equipment to put down said well and will use full weight galvanized drive pipe with steel drive shoe on bottom to protect it in driving.

" When pipe has reached water bearing gravel will furnish and put down a screen 20 feet in length in order to close out fine sand and to prevent the well from filling up in the future, the screen is to be made from full weight pipe galvanized and covered with brass perforation.

" Payment to be made on completion of well or one-half can remain on note for six months at 5 per cent.

            " A. S. DURLING.

" On condition that the work is prosecuted without delay, delays on account of difficult boring excepted, I hereby accept the terms of above contract, all delays beyond your control excepted.

            " J. M. O'ROURKE."

Plaintiff's assignor entered upon the performance of his contract and drilled to the depth of 432 feet, using pipe and a shoe and putting down a screen all as provided by said contract. Water was obtained from the well, but it is salt and cannot be used for drinking purposes. This action was brought to recover the contract price for drilling the well which plaintiff alleges was completed pursuant to the contract. At the trial

the question whether the plaintiff's assignor drilled the well until he reached water-bearing gravel was in dispute. That question was left to the jury for determination. The jury failed to agree. Thereupon the court directed a verdict for the plaintiff to which the defendant excepted. Judgment was entered upon the verdict. On appeal therefrom to the Appellate Division it was reversed and the complaint was dismissed. Other facts appear in the opinion.

*Robert P. Griffing* and *Timothy M. Griffing* for appellant. A contract for drilling a well contains no implied warranty as to the quality of the water obtained. (*Dwight* v. *Germania L. Ins. Co.*, 103 N. Y. 348; *Chapin* v. *Candee & Co.*, 14 Misc. Rep. 453; *Wendling* v. *Snyder*, 30 Ind. App. 330; *Miller* v. *Layne & Bowler Co.*, 151 S. W. Rep. 341; *Littrel* v. *Wilcox*, 27 Pac. Rep. 394; *Gregory* v. *United States*, 33 Ct. Cl. Rep. 434; *Butler* v. *Davis*, 96 N. W. Rep. 561; *Book* v. *N. W. N. Co.*, 25 Atl. Rep. 120; *American Well Works* v. *Rivers*, 36 Fed. Rep. 880; *Blum* v. *Brown*, 33 S. W. Rep. 145.)

*Walter Frank* for respondent. As a matter of law the contract, construed in the light of the surrounding circumstances, required the contractor to drill the well until he reached fresh water gravel, and as it is conceded that the contractor never did this, the complaint should have been dismissed. (*Lawrence* v. *Van Deventer*, 51 N. Y. 676; *Caughey* v. *Parker*, 26 Penn. Sup. Ct. 289; *Law* v. *Paxton*, 117 Mo. App. 541; *Ferguson L. Co.* v. *L. R. Well Co.*, 74 Ark. 24; *Waldron* v. *Willard*, 17 N. Y. 466, 468; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Seymour* v. *Warren*, 179 N. Y. 1; *People* v. *Gluck*, 188 N. Y. 167; *Kratzenstein* v. *Western Assur. Co.*, 116 N. Y. 54; *Industrial & G. Trust* v. *Tod*, 180 N. Y. 215; *United Water W. Co.* v. *Omaha W. Co.*, 164 N. Y. 41.) If the phrase " water-bearing gravel " was ambiguous and its interpretation depended upon the sense in which the words were used, then such interpretation should have

been submitted as a mixed question of law and fact to the jury. (*Kenyon* v. *K. T. Assn.*, 122 N. Y. 247; *White* v. *Hoyt*, 73 N. Y. 505; *F. Nat. Bank* v. *Dana*, 79 N. Y. 108; *Pitney* v. *Glens Falls I. Co.*, 65 N. Y. 6; *Stokes* v. *Mackay*, 140 N. Y. 640; *East Hampton* v. *Vail*, 151 N. Y. 463; *Lamb* v. *Norcross*, 208 N. Y. 427.) The court having submitted to the jury the issue whether the contractor had in fact reached water-bearing gravel, and the jury having disagreed, it was error for the court to direct a verdict in plaintiff's favor on this issue. (*Mann* v. *Franklin Trust Co.*, 158 App. Div. 491; *Brown Paint Co.* v. *Reinhardt*, 210 N. Y. 162.)

CHASE, J. In determining the rights of the parties it is necessary to answer two questions:

1. Was it the intention of the parties to the contract that nothing should be paid for drilling the well unless *fresh water* was reached?

That is a question of law to be determined by the court from the contract and the surrounding circumstances.

2. Did the contractor drill the well until the pipe reached *water-bearing gravel?*

That is a question of fact to be submitted to a jury.

Prior to making the contract fresh water had been obtained through a well driven to a depth of about two hundred feet on property in the vicinity of the defendant's property. We may assume that the defendant's purpose in entering into the contract was to obtain water for drinking and general domestic uses. The parties undoubtedly hoped and expected to obtain fresh water. The hope and expectation was based upon the fact that fresh water had been obtained in the vicinity by driving a well about two hundred feet deep and also upon the commonly accepted belief that water obtained from a stratum of gravel will be potable. In drilling a well for a special purpose, particularly when it is contemplated that it must be continued far below the surface of the ground, there

is a material element of chance and uncertainty whether the result will be satisfactory for the purpose designed.

A person who contracts with another to do work is entitled to the prescribed compensation therefor. If the compensation is wholly dependent upon the accomplishment of a particular result the person for whom the work is done should express such unusual provision in terms so clear as not to be misunderstood.

The contract in this case is simple in its terms and provides for drilling a well of a specified diameter at a fixed price per foot and for furnishing all material and equipment therefor and for continuing the same until the pipe " has reached *water bearing gravel.*" The proposed contract or offer was accepted on behalf of the defendant, upon condition that the work be prosecuted without delay. Which of the parties assumed the risk of obtaining in such stratum of gravel the kind and quality of water desired by the defendant?

The word " well " implies water so that a contract to dig a well commonly places upon the welldigger the duty of furnishing water, but if water is found in substantial amount and no specification is contained in the contract as to the quantity, the landowner must pay the contract price whether the quantity is satisfactory or not. (*Omaha Consolidated Vinegar Co.* v. *Burns,* 49 Neb. 229.)

In *Electric Lighting Company* v. *Elder Brothers* (115 Ala. 138), where a contract for boring an artesian well was made which provided its dimensions and capacity and further provided that " The water flowing from said well is to be deep strata water, and no strainer will be placed to obtain flow from intermediate or intervening strata, as water from that source is likely to be of such quality as is not adapted to the use " for which the well is bored, it was held that the party for whom the well is bored assumes the risk that the *deep strata water* will be of a suitable quality for his purpose.

In *American Well Works* v. *Rivers* (36 Fed. Rep. 880)

it was held that a written contract by which plaintiff agrees to sink an artesian well for defendant supplying a given quantity of water, does not require that the water should be potable and fit for washing and for making steam though plaintiff knew the defendant was a hotel-keeper and desired water of that character for hotel purposes. (See, also, Farnum on Waters & Water Rights, vol. 2, pages 2748, 2749; *Blum* v. *Brown*, 11 Texas Civil Appeals, 463; *Littrell* v. *Wilcox*, 11 Mont. 77; *Miller* v. *Layne & Bowler Co.*, 151 S. W. Rep. 341.)

A contract to dig a well furnishes great opportunities for dispute between the parties. A guaranty of the kind and quality of the water to be obtained would so materially affect the risk on the part of the welldigger that it would necessarily materially increase the price to be charged per foot for digging the well. So material and important a consideration should not be left to inference. It is not fairly inferred from the contract before us. The defendant apparently relied upon the probability that water found in a strata of gravel would be so cleansed and purified as to be potable. If the defendant had not been satisfied with the offer as it was written she would have included in her acceptance thereof a further condition that the water to be furnished from the well must be fresh water. That the contract was considered with reference to protecting the defendant's rights is shown in the fact that it contained a proviso in regard to the same being performed without delay. The record includes a correspondence between the parties which commenced when it was found that water-bearing gravel was not reached at about two hundred feet depth, and continued until after plaintiff's assignor claimed that he had reached water-bearing gravel, put in the screen and asserted that he had completed his contract. Each of the parties claims that the correspondence is material to sustain his contention, but it is not of sufficient importance to justify including a statement thereof herein.

We think that the contractor was compelled to drill a well until the pipe reached water-bearing gravel, but that he did not warrant that the water to be obtained from the gravel when reached would be fresh, potable and fit for domestic purposes.

We agree with the Appellate Division that the judgment of the Trial Term should be reversed, not, however, for the reason stated by it, but because the question as to whether the plaintiff reached water-bearing gravel is one of fact that could not be decided by the court except on motion of the defendant as well as of the plaintiff. A new trial of the action should be granted.

The judgment should be modified by striking therefrom the provision dismissing the complaint, and inserting in lieu thereof a provision granting a new trial, and as thus modified affirmed, with costs to abide the event.

COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.