## No. 8080.
## First Circuit

MRS. HENRIETTA HARRELSON, Natural Tutrix, v. MRS. MAMIE D. FITZGERALD AND HUSBAND.

(November 10, 1925.  Opinion and Decree.)
(December 22, 1925.  Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Obligations—Par. 79, 81.

Under Articles 1957 and 1958 of the Civil Code, a contract to drill a "flowing well" with no stipulation as to how long the flow should continue nor the amount per minute, if the well flows after it is brought in and continues to flow for a number of days afterwards, it will be considered in compliance with the conditions of the contract.

Appeal from the Twenty-second Judicial District Court, Parish of East Baton Rouge, Hon. ————, Judge.

This is a suit to collect the contract price, of a verbal contract, of a flowing

well. There was judgment for plaintiff and defendant appealed. Judgment affirmed.

Cross and Moyse of Baton Rouge, attorneys for plaintiff, appellee.

Shelby Taylor of Baton Rouge, attorney for defendant, appellant.

ELLIOTT, J. John W. Fitzgerald, acting as agent for the defendant, his wife, employed plaintiff's minor son, Additon Humphrey Harrelson, by verbal contract, to put down on his wife's place a "flowing well."

The plaintiff's son was to furnish the boring outfit and his own labor and have charge of the work, while defendant was to furnish the pipe and two men to help in the work, and pay plaintiff's son 30 cents per foot depth of the well.

Plaintiff's son guaranteed to bring in for defendant a "flowing well," but no amount was stipulated that it should flow, nor was anything said about the time. it should continue to do so. After considerable work her son obtained a flow of about a gallon in a minute and a half, at a depth of 382 feet. This well was left to flow at this rate for about a week, after which he returned, and, thinking to get a larger flow, pulled up the pipe, cleaned the strainer and replaced it at the same depth; but instead of improving matters, the flow was reduced to about one gallon in 7 minutes and further efforts to improve the flow were unsuccessful. The flow, after a few weeks, commenced to decrease, and at the time of the trial, about six months after the well had been put down, it continued to run only a dripping or trickling stream at the ground, or just a little below it.

The plaintiff, claiming that her son had performed his part of the contract, requested payment, and, upon being refused, brought suit; and also to recover the value of 41 feet of pipe used in the well.

Defendant resists, claiming that the well is not a "flowing well," such as the contract contemplated.

A considerable amount of testimony was taken. Neighbors and witnesses living in the vicinity, comparing the well with others in the neighborhood, differ in their opinion as to whether the well satisfied the contract. Some of them contend that the contract was fulfilled, others did not think so.

The District Judge decided in favor of the plaintiff and the defendant appealed.

The Art. C. C. 1957 and 1958 reads: "In a doubtful case the agreement is interpreted against him who has contracted the obligation." (Amd. 1971, No. 98, p. 199.) "But if a doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable in the other party shall be adopted, whether he be obligor or obligee."

In this instance the evidence shows that the well, at the time work was stopped and payment requested of the defendant, was a "flowing well." That is, it flowed out of the pipe above the ground in a smooth and continuous stream. It did not give the amount of water that defendant wished and expected; but, nevertheless, technically speaking, it was a "flowing well," and there was no stipulation as to how long the flow should continue nor as to the amount per minute.

We conclude that defendant was at fault and negligent in not stipulating particularly and definitely the amount of water he was to receive and how long it should continue.

After thinking over the matter, we conclude that the judgment appealed from is correct and should be affirmed. Defendant and appellant to pay the cost of both courts.