345 P.2d 1042

S. J. DAVIS and Jimmie Pearson, d/b/a Davis Pump Company, Plaintiffs-Appellants and Cross-Appellees,

v.

Clifford MERRICK, Defendant-Appellee and Cross-Appellant.

No. 6591.

Supreme Court of New Mexico.

Oct. 26, 1959.

Rehearing Denied Nov. 27, 1959.

227

Mears & Mears, J. Fred Boone, Portales, for appellants and cross-appellees.

Jay Morgan, Portales, for appellee and cross-appellant.

CARMODY, Justice.

Plaintiffs brought suit on an account arising out of an oral contract for drilling, equipping and reworking certain water wells. The judgment of the trial court awarded the plaintiffs a less amount than sued for, and both parties appeal.

The questions involved relate to (1) whether a well driller can recover for work done without producing water absent an agreement to so produce; (2) whether action by owner preventing completion of work of setting a pump because of dissatisfaction warrants relief from payment for work already done; and (3) the power of the court to alter or amend a contract.

The facts are that defendant, having difficulty with his irrigation well, employed plaintiffs to drill a new one. No guaranty was made as to a producing well. Plaintiffs drilled at one location which proved to be a dry hole, but there is no conflict as to the charge for this service. Plaintiffs then drilled a second well and apparently struck water. It is with respect to this well that most of the controversy developed, because, in the attempt to bring it into production, the casing was removed from the original well and placed in the new one. However, plaintiffs failed to make the well a producer, so the defendant directed them to return to the old original well and to clean and re-case the same. During this work, defendant became very dissatisfied with the plaintiffs' efforts and ordered them from the premises, but not until considerable expense had been incurred. Defendant then employed another well driller, who deepened the old well,

properly set the pump, and brought the same into a fair amount of production.

The proof showed that there was a balance owing plaintiffs amounting to $1,643.-08, but the trial court, sitting without a jury, reduced the amount to $890.21 because it disallowed certain charges which are enumerated in its findings. Plaintiffs appeal from this action, claiming that they are entitled to the entire amount. The defendant filed a cross-appeal, but has waived the same by failing to make any point thereon in his brief.

The findings of the trial court which are material to our decision are:

"7. That the second well drilled by the plaintiffs for the defendant was not a dry hole, but the plaintiffs failed to bring it into production."

"8. That the plaintiffs then agreed to clean out the original well and re-set the casing, pump and motor."

"9. That the work of the plaintiffs in cleaning out, and re-setting in the old well was unsuccessful."

"11. That the drilling done by the plaintiffs was done in a workman-like manner and the charge therefor was reasonable."

"13. That the work done by the plaintiffs in setting the casing and pump was not done in a workman-like manner and their charges for pulling casing, $200.00, pull and re-set pump $75.00, and the bill for work done on the original or old well $477.87 were for work that would not have been necessary had the work on the second well been properly performed."

"14. That the defendant has failed to establish his cross-complaint."

In a contract for drilling a water well, there is no implied undertaking that water will be obtained or that the well will be a success as to the quantity or quality of the water obtained, but only that the work shall be done in a workmanlike manner with the ordinary skill of those who undertake such work. Butler v. Davis, 1903, 119 Wis. 166, 96 N.W. 561; Littrell v. Wilcox, 1891, 11 Mont. 77, 27 P. 394; Harrelson v. Fitzgerald, 1925, 3 La.App. 510; Omaha Consol. Vinegar Co. v. Burns, 1896, 49 Neb. 229, 68 N.W. 492; Sweezy v. O'Rourke, 1919, 226 N.Y. 378, 123 N.E. 752.

The above principle was recognized by the trial court in allowing for the recovery of the amount which it did for the actual drilling. However, plaintiffs' basic attack is on the trial court's finding No. 13 above set out, which actually relates to two separate projects, the first one having to do with the second well drilled and the court's finding that the setting of the casing and the pump was not done in a workmanlike manner and therefore deducting the sum

of $275. This particular well appeared to be of a surging type, that is, alternately, at intervals of about thirty seconds, it would pump water and thereafter air. There is a very definite conflict of testimony as to the manner in which it was cased and the pump set. This conflict arose as to the amount of gravel which was or was not placed in the well, the manner of the attempted pumping of water therefrom, and the fact that the plaintiffs were not present for a long period during the original pumping. According to the testimony of an expert called on behalf of the defendant, it was necessary that someone be present at all times during the initial pumping stages in order to vary the speed of the motor attached to the pump, and that unless this was done clay or sand might fill in the well and make it a nonproducer. Plaintiffs, on the contrary, were of the opinion that such close supervision was not necessary.

 There was substantial evidence upon which the trial court would be amply justified in basing a finding that the plaintiffs' absence or inattention to the pumping process amounted to a failure to perform this portion of the work in a workmanlike manner. Therefore, as to this part of the finding, it will not be disturbed on appeal. Luna v. Flores, 1958, 64 N.M. 312, 328 P.2d 82.

With regard, however, to the other item included in finding 13, a different problem arises. Inasmuch as the disallowance of this particular item is based upon the failure to properly perform the work on the second well, this must presuppose that water would have been produced in the second well if the work had been satisfactorily performed. However, there is no evidence that the second well would have been a producer, regardless of the manner of the doing of the work thereon. Therefore, at the time that the defendant instructed the plaintiffs to commence work on the old well, the parties, in effect, entered into a new and separate contract which had no relation to the doing of work or the producing of water from the second well. It may very easily be that the defendant's dissatisfaction with the plaintiffs' work commenced when the plaintiffs failed to produce water from the second well and that this dissatisfaction carried over to such an extent that the defendant finally ordered the plaintiffs from the premises while they were doing the work on the old well. However, the fact remains that this was an additional contract and had no real relation to the preceding work. The two projects were separate and distinct, and different principles of law should have been applied thereto.

██ With respect to the non-completion of the work on the old well, let it suffice to say that the refusal to permit the

230

other party to a contract to complete the performance thereof or ordering the stoppage of performance is a breach of contract, and the plaintiffs were entitled to the amount of their charges for the work on the old well up until the time they were required to cease the same. See United States v. Behan, 1884, 110 U.S. 338, 4 S.Ct. 81, 28 L.Ed. 168; Allen, Heaton & McDonald, Inc. v. Castle Farm Amusement Co., 1949, 151 Ohio St. 522, 86 N.E.2d 782, 17 A.L.R.2d 963, and American Law Institute Restatement, Contracts, vol. 2, § 347.

The trial court was quite obviously trying to do what it felt was substantial justice to the parties, but this was a suit on a contract and it is not the province of the court to amend or alter the contract by construction. The court must interpret and enforce the contract which the parties made for themselves. Fuller v. Crocker, 1940, 44 N.M. 499, 105 P.2d 472.

It was error for the trial court to disallow the item of expense for the work done on the old well, and the cause will be reversed and remanded, directing the trial court to set aside its former judgment and enter judgment in favor of plaintiffs for the original sum of $890.21, and in addition for the sum of $477.87, together with costs; and it is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and MOISE, JJ., concur.