(115 App. Div. 657)

### BLEAKLEY v. SHERIDAN.

(Supreme Court, Appellate Division, Second Department.   November 16, 1906.)

DAMAGES—UNLIQUIDATED DAMAGES FOR BREACH OF CONTRACT—ALLOWANCE OF INTEREST.

An action for expenses of getting a scow off shore and repairing it, in consequence of the act of the charterer in sending the scow to a dangerous place, contrary to his agreement, is for unliquidated damages for breach of contract, and interest on the sum awarded cannot be allowed.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 141.]

Appeal from Trial Term, Westchester County.

Action by Cara R. Bleakley against Theresa A. S. Sheridan.   From an order of the trial judge refusing to amend the verdict of the jury by adding interest to the amount awarded, plaintiff appeals.   Affirmed.

The verdict was in terms "for the full amount."   It was admitted on the trial that the plaintiff had proved damage to the amount of $909.92.   The trial judge entered the verdict for that amount, and then the motion to amend was made.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Mark Ash, for appellant.
Henry Wetherhorn, for respondent.

GAYNOR, J.   The complaint alleges that the plaintiff chartered a scow to the defendant under an agreement that it should not be sent to a certain place which was dangerous at that season of the year; that the defendant took the scow there and it was damaged by being blown ashore.   The damages alleged are the expense of getting the the scow off and repairing it, and for the use of the scow meanwhile. As the damages sued for were unliquidated, the plaintiff was not entitled to interest.   Excelsior Terra Cotta Co. v. Harde, 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493; Smith v. Velie, 60 N. Y. 106. The action is not for a conversion as the plaintiff contends, or in tort, but for a breach of contract.

The order should be affirmed.   All concur.