(57 Misc. Rep. 375.)

## FLEMING v. JACOB.

(Supreme Court, Special Term, Westchester County. January, 1908.)

TRIAL—VERDICT—CORRECTION.

At the trial no notice of the question of interest on plaintiff's claim was taken until after verdict was rendered and the jury discharged. The verdict found was for the full amount of plaintiff's claim. *Held*, that the court could not on a motion after the term at which the cause was tried correct the entry of the verdict by making an order including interest on plaintiff's claim in such verdict.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 795–799.]

Action by Charles E. Fleming against Robert Jacob. Motion to amend verdict denied.

See 103 N. Y. Supp. 209.

Herbert B. Smith, for plaintiff.
David Carl, for defendant.

MILLS, J. This is substantially a renewal of the motion made before me at the Westchester Special Term in March last to amend the verdict of the jury herein rendered at the Westchester Trial Term· in January last by adding to the amount of the verdict as so entered thereon from a given date. The moving papers attempt to distinguish the present motion from the former upon the ground or claim that the present motion is rather to correct the clerk's entry of the verdict than to correct the verdict itself. The opinion filed by me in denying the former motion indicates that in passing upon it the court, at Special Term, regarded it as broad enough to cover both matters. As appears by such opinion, the motion was denied upon the authority of the case of Duerr v. Consolidated Gas Company, 104 App. Div. 465, 467, 93 N. Y. Supp. 766, in which the Appellate Division in the First Department held that such a motion must ·be made at the same trial term at which. the verdict was rendered, and cannot afterward be made at a Special Term, though held by the same judge who presided at the Trial Term, the. latter having then ended.

In the brief submitted upon this motion by the·' plaintiff's attorney, it is claimed, among other·things, that the Appellate Division in this, the Second Department, has held the contrary proposition in the case of McAfee v. Dix, 101 App. Div. 69, 91 N. Y. Supp. 464; and that the court, at a Special Term held within this department, ought, in case of such conflict between the decisions of the two departments, to follow that of this department. No doubt this latter contention is correct. It is both my duty and desire, in any such situation, to follow faithfully and implicitly the decision rendered in our own, the Second· Department. See Bleakley v. Sheridan, 115 App. Div. 657, 100 N. Y. Supp. 1029.

The question here is: Has our Appellate Division in the McAfee Case held that such a motion may properly be made at a Special Term held after the expiration of the Trial Term at which the verdict was rendered and entry thereof made, when such special term is held by the same justice who held the Trial Term? As I con-

strue the facts and the opinion of our Appellate Division in the Mc-
Afee Case, that court has not so held therein. In that case the trial
was held at the Kings County Trial Term on the 21st day of Oc-
tober, 1903. The court had without objection of either party, in
his charge, instructed the jury that, if they adopted a certain view
or theory of the case, they should render a verdict for the plaintiff
for a stated amount "and interest to be thereafter agreed upon be-
tween the attorneys," evidently meaning that the interest would be
computed after the rendition of the verdict. The jury rendered their
verdict for the stated amount alone, saying nothing in regard to in-
terest. The clerk entered the verdict on the same day strictly in
the words in which it was rendered. On the following day, Octo-
ber 22d, the plaintiff entered judgment for the amount stated in the
verdict and interest thereon and costs. On the 23d of October the
defendant obtained from the trial justice an order to show cause why
the judgment should not be entirely vacated upon the ground that
a stay had been granted, and why, if the judgment be not vacated,
the interest should not be eliminated and the judgment stand mere-
ly for the amount stated in the verdict. Such motions were made
returnable at the same Trial Term on the 27th of October, 1903. It
was heard on that day and denied; the justice filing a memorandum
stating that:

"The interest should be added to the findings of the jury, because the court
in its charge to the jury said that the interest would be agreed upon. As
no objection was made to this at the time, it must be taken as accepted by
counsel for each party."

Thereafter, on the 29th of October, at the same Trial Term, the
clerk amended his minutes of the entry of the verdict by incorpo-
rating therein, under that date, the justice's memorandum decision.
Subsequently the order made on the 27th of October, denying the
motion, was modified by the justice so as to vacate the judgment up-
on the ground of the existence of the stay; but in all other respects
the motion was denied. On the 9th of December, at another Trial
Term held by the same justice, a motion was made by the plaintiff
to correct the entry of the verdict by adding the interest, and was grant-
ed, and an order on that day made and entered to that effect. An
appeal was taken to the Appellate Division from such order as well
as from the judgment. The Appellate Division, in its opinion, took
no notice of the fact that the formal order was made at a different
Trial Term, but dealt simply with the merits of the mattter.

From this recital of the proceedings in the McAfee Case it is per-
fectly obvious that the question of the correction of the verdict or
its entry was actually raised, heard, and determined by the trial jus-
tice at the same Trial Term, and the clerk's minutes of the verdict cor-
rected accordingly. There was no possible need of any formal order
to be made and entered, and the amendment of the clerk's minutes
was entirely sufficient. That proceeding was entirely free from the
evil to be guarded against by the decision of the First Department in
the Duerr Case; that is, the raising of such a question after the ex-
piration of the Trial Term. The making of the formal order at the
later Trial Term could not have operated to change the situation or

impair in any way the correction which had already been substantially made at the same Trial Term at which the verdict was rendered. Under these circumstances, I do not think that the mere fact that the Appellate Division, in our department, in the McAfee Case, did in terms affirm the order made at the later Trial Term, should be regarded as conflicting with the decision of the Appellate Division in the First Department in the Duerr Case passing upon the same question.

If it should be considered that the court here, upon this motion, should pass upon the merits of the matter in the exercise of its discretion, it should be noted that this case, upon the merits, is far different from the McAfee Case. There the question of interest was raised upon the trial, and the jury, with the consent of both parties, were expressly instructed that their verdict for the stated amount would carry interest, and, in substance, that such interest would, after the rendition of the verdict, be computed by the parties. On the contrary, in the case here at bar the subject of interest was in no manner presented to the court during the trial; or, if the conversation of the plaintiff's attorney, with the clerk, after the rendition of the verdict, be regarded as such presentment, was it presented at all until after the verdict had been rendered and the jury discharged? Such conversation must have been privately held with the clerk, as no part of it was heard by the presiding justice. In this case the plaintiff, prior to the rendition of the verdict, had in no manner claimed interest, either in his complaint or during the course of the trial; and the court in its charge had, with the acquiescence of the plaintiff's counsel and attorney, entirely ignored the matter of interest, or, rather, in effect instructed the jury that interest was not to be allowed because he had stated the amount to be allowed as an exact sum in case the jury found entirely in favor of the plaintiff. In that situation, it is hard to see how either the trial justice or the clerk could have fairly construed the verdict "for the plaintiff in the full amount of his claim," as including interest, when in no manner whatever, up to that time, had interest been claimed by the plaintiff.

Upon the prior motion my attention was not called to the fact that the complaint did not ask for interest, and the opinion then filed was written without knowledge of that fact.

The motion is therefore denied.

Motion denied.