INDUSTRIAL ENGINEERING COMPANY, Appellant, *v.* REPUBLIC STORAGE COMPANY, INC., Respondent.

First Department, March 18, 1927.

Pleadings — complaint — error to dismiss complaint on opening by plaintiff's counsel on ground that erroneous measure of damages is alleged in complaint and stated in opening — action by building contractor to recover damages for breach of contract made before work commenced — measure of damages demanded in complaint was not erroneous.

It was error for the court to dismiss the complaint on the opening by plaintiff's counsel on the ground that the complaint demanded an erroneous measure of damages and that plaintiff's counsel in his opening stated the measure of damages which he expected to prove, which the court deemed not awardable.

The trial court should have taken the proof, restricting the items to the proper rule, and if then no damages were shown, it might have dismissed the complaint.

The action is brought by a building contractor to recover damages for the alleged breach of a building contract which the defendant refused to permit the plaintiff to commence to execute. The complaint demanded as damages the difference between the contract price less such deductions as might be made from such price because of a change in construction agreed upon at the time the contract was made and what it would have cost the plaintiff to erect the structure as originally planned and thus modified. The measure of damages demanded in the complaint was not erroneous.

APPEAL by the plaintiff, Industrial Engineering Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of·New York on the 28th day of May, 1925, upon the dismissal of the complaint upon the opening by plaintiff's counsel.

*Leonard G. McAneny* of counsel [*Harry N. French* with him on the brief; *McAneny & Bacon*, attorneys], for the appellant.

*Outerbridge Horsey* of counsel [*Thomas S. Fuller* with him on the brief; *Jackson, Fuller, Nash & Brophy*, attorneys], for the respondent.

McAVOY, J. The complaint in this action was dismissed on the defendant's motion after plaintiff's counsel had opened to the jury. The motion appears to have been granted because in the opinion of the learned trial court the complaint demanded an erroneous measure of damages and the opening of counsel stated the measure of damages which he expected to prove, which the learned court deemed not awardable in this class of action.

The action was brought to recover damages for loss of profits arising out of a breach of a contract under which the plaintiff

was to construct a building on the southeast corner of Forty-fifth street and Twelfth avenue, Manhattan, city of New York, and the defendant was to pay the plaintiff the sum of $205,000. After the contract was made, the defendant altered the form of the building somewhat, and, plaintiff claims, without regard to the provisions of the contract covering the rights of the plaintiff in case of such an alteration of the building, engaged another contractor to do the work and prevented the plaintiff from going on with the contract. The plaintiff claimed as damages the difference between the contract price of $205,000 that it would have received under the contract, and the cost it would have been put to in erecting the building as originally planned. The profit on the original job, it is claimed, would have been $15,000.

The exact allegation of the complaint as to damages is as follows: " By reason of defendant's said repudiation and breach of said building contract as modified, plaintiff has been damaged in the sum of Fifteen thousand ($15,000) Dollars, being the difference between the contract price of Two hundred and five thousand ($205,000) Dollars, less such deductions as might be made from said price as set forth in Paragraph VIII hereof, and what it would have cost the plaintiff to perform said building contract as modified."

Nothing is better settled, however, assuming that this be an incorrect measure of damages, than that, if a person has a legal cause of action for some relief, the mere fact that he alleges a wrong measure of damages will not justify a dismissal of his complaint. The defendant here claims, however, that plaintiff's counsel insisted on making proof on this rule of damages, and that, therefore, the learned court was justified in dismissing the complaint on the statement of the nature of the proof to be made of damages. But this seems to us an erroneous view. The learned trial court should have taken the proof, restricting the items to the proper rule, and if then no damages were shown, it might have dismissed the complaint.

Nevertheless, we think the measure of damages set forth in the complaint was, with slight modification hereafter described, the correct measure of loss sustained, and that the learned court, in setting forth what its notion was of the proof required as to damages, stated a correct rule as follows: " The contract which seems to have been breached is that sued upon and the damages to which the plaintiff thereby became entitled was the difference between the contract price and the actual cost of the construction of the building originally contracted for, without regard to the cost of construction of the building which was finally erected; " with the addition that deductions as provided for in Exhibit A annexed to the com-

plaint should have been allowed to defendant. The plaintiff demanded the difference between the contract price of $205,000 (diminished by such deductions as might be made from that figure because of changes in construction that were agreed on at the time the contract was originally made, as set out in a memorandum which is annexed to the complaint) and what it would have cost the plaintiff to erect the structure as originally planned and thus modified. This we conclude is a proper basis for the award of damages.

The ruling dismissing the complaint on the opening of counsel, therefore, was error, and the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, P. J., FINCH, O'MALLEY and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.