## Perkins et al. v. Hacker

*Maurice S. Cantor* and *Seymour Hurwitz*, for plaintiffs.

*H. H. Weintraub* and *Frank McGuigan*, for defendant.

FARRELL, J., April 25, 1938. — In this case, plaintiff claimed the principal sum of $1,512.03, with interest from July 13, 1931, balance on an oral contract for the erection of a building, the balance being assigned by Harry Perkins, the contractor, to Plymouth Lumber Company, use-plaintiff. The defense was payment in full. The jury in its verdict gave defendant credit on a balance claimed for one payment of $50, and found a verdict for plaintiff for $1,462.03, "without interest."

Plaintiff filed a petition to amend the verdict, contending that it was no right or function of the jury to deny interest, which plaintiff claims is rightly and justly a necessary incident to the finding by the jury in favor of plaintiff for the balance of the principal sum.

The trial judge expressly charged the jury that if it found in favor of plaintiff, the verdict should include in-

terest on the balance of the principal sum from July 13, 1931, the date of the last payment on account, as claimed in plaintiff's statement. No question whatever was raised in the case by defendant as to the right of plaintiff to recover interest from said date if the jury found in favor of plaintiff.

We believe that there is no doubt that plaintiff is just as rightfully entitled to interest as to principal; and that the only question is as to the power of the court to amend the verdict by adding interest where the jury expressly excludes it.

We are of the opinion that the weight of authority is in favor of such power. It seems to be universally held by all courts before which the question has come for decision, that when a party is legally entitled to interest on the amount he claims, and it is apparent that the jury failed to include the interest in its verdict, although charged to do so by the court, the court has the power to add the interest to the amount of the verdict if it possesses the necessary data to make the computation. It appears from an annotation in 72 A. L. R. 1150, that practically all jurisdictions which have considered the question agree that the court has the power to add interest to the jury's verdict where interest is legally incident thereto, where the court has charged the jury on the subject, and it is apparent the jury failed to include interest.

There is no Pennsylvania case on the exact question, but Tibbetts v. Prudential Insurance Company of America, 313 Pa. 310, seems to approve the rule just stated, and Norristown-Penn Trust Co. v. Middleton et al., 300 Pa. 522, 526, implicitly recognizes it. In the former case, at page 316, the Supreme Court said:

"In some jurisdictions it is held that, if the only issue is whether plaintiff should recover a liquidated claim on which interest would follow as matter of law, and the jury has been instructed to allow interest but returns a verdict for the amount of the claim merely, the court may add

interest: McAfee v. Dix, 101 App. Div. 69, 91 N. Y. Supp. 464; Marsh v. Kendall, 65 Kansas 48, 68 Pac. 1070."

In the Tibbetts case, however, the trial court had failed to charge the jury on interest, and the Supreme Court said:

"This record however presents a different question; it deals with the power of the judge to supplement the verdict after trial, when he has failed to instruct the jury that interest shall be allowed in the event of recovery of a liquidated debt."

The court decided that, in the absence of instructions to the jury concerning interest, the court could not supplement the verdict by adding interest. But as the Supreme Court itself emphasized, the record in that case presented "a different question" from this case, which falls within the rule stated in the first quotation above set forth from the Tibbetts case, and with which rule the Supreme Court did not seemingly disagree.

Norristown-Penn Trust Co. v. Middleton et al., supra, p. 526, was an action of assumpsit for money wrongfully received by defendant from an embezzling employe of plaintiff. The court charged the jury that if they found for plaintiff they should add interest from the dates the respective funds were received The jury returned a verdict for $27,510.56, which obviously was for the full amount but with interest only from the date that defendant acquired knowledge of the embezzlement. The trial court added an amount to the verdict, representing the difference between the interest to which plaintiff was legally entitled and the amount awarded as interest by the jury. This was approved by the Supreme Court. At page 526 of its opinion the Supreme Court said:

"This finding as to interest was properly corrected by the court so that it should be calculated from the time the funds were wrongfully received, to conform with the instructions given".

In McAfee v. Dix, etc., 101 App. Div. 69, 91 N. Y. Supp. 464, which was cited in the Tibbetts case, it was

held that in an action for the price of an article sold under special contract, an award of the contract price carries with it interest thereon from the time the price was due, and an omission by the jury to include it in their verdict, as instructed, could be corrected by the court's adding the interest and entering judgment. In that case it was argued that the jury intentionally omitted the interest, and that, therefore, the court had no power to add it. This contention was overruled, the court at page 77, saying:

". . . I do not see that . . . the power of the court is limited to action only when it is assumed or it appears that the jury made a mistake, provided the principle is that the plaintiff was entitled in law and in equity to the interest as a necessary incident of such recovery. Interest was demanded in the complaint. The court rightly declared (and, indeed, there was no exception) that interest was the plaintiff's due in event of such a verdict. The jury gave that verdict, and yet for some reason ignored the law as to a matter where it had neither discretion nor, the rate and period being certain, latitude for calculation. It seems absurd that the court is powerless to correct the judgment so as to award that sum which legally belongs to him who has gained the verdict, but that it must recognize this erroneous omission or commission of the jury by depriving the successful suitor either of the benefit of the trial or by mulcting him of a part of his rightful judgment."

In Zarko et al. v. Kramer et al., 117 Pa. Superior Ct. 443, 447, the Superior Court said:

"The power of the courts to mould or amend verdicts of juries is established by repeated decisions . . . and this power is not confined to corrections made at the time the verdict is rendered. . . . No definite rule has been established but each particular case must be left to the sound discretion of the court and the best principle seems to be that an amendment should or should not be permitted to be made as it would best tend to the furtherance of justice".

In the instant case we can see no reason in justice for the denial of interest on plaintiff's claim. There was no just reason. Interest was a just and legal incident of plaintiff's claim.

Rule to amend verdict by adding interest is made absolute and the verdict is accordingly amended by adding to the verdict of $1,462.03, the sum of $584.81, interest from July 13, 1931, to March 15, 1938, and judgment directed to be entered.