FICHTER STEEL CORPORATION, Respondent, *v.* P. T. COX CON-
STRUCTION CO., INC., Appellant.

First Department, June 11, 1943.

*Frederick W. Newton* of counsel (*Howard G. Wilson* with him on the brief; *Wait, Wilson & Newton*, attorneys), for appellant.

*M. Carl Levine* of counsel (*David Morgulas* and *Albert Foreman* with him on the brief; *M. Carl Levine, Morgulas & Foreman*, attorneys), for respondent.

CALLAHAN, J. Defendant was the successful bidder on a contract for the construction of certain public works. Plaintiff sued upon a claim that while this work was being advertised there was an oral agreement between plaintiff and defendant to the effect that plaintiff would not submit bids for the entire work, but would give defendant, and no one else, bids for the steel work; that defendant would use plaintiff's prices on the steel bid submitted and, if defendant's bid was accepted, plaintiff was to perform the steel work and receive the portion of the contract price represented by its bid for such steel work. The making of any such agreement was denied by defendant. The issues thus raised were submitted to the jury.

The trial court in its main charge correctly advised the jury that if plaintiff were entitled to recover a verdict in its favor, it should receive as damages the difference between what it would have cost the plaintiff to perform the contract and the amount it had agreed upon for such performance.

According to the testimony of one of plaintiff's officers, this difference would be $80,896.21. Defendant offered no proof on the question of damages. As the résumé of the contentions of plaintiff's witness, a written computation of the cost of materials and labor, and sundry other items required to complete the work, was put in evidence as Plaintiff's Exhibit 12. While

the quantities of steel actually required were agreed on, the accuracy of this witness' computations as to cost depended upon the weight to be given his opinion as to the amount of labor involved and the cost thereof. His computation also included a deduction for overhead, with an analysis as to how it was made up, and his estimate as to proper amount of allowance for same. The figures appearing on Exhibit 12 were based almost wholly on matters estimated. They were based on lump sum figures for various phases of the work attempted to be supported by computations on a unit basis. The accuracy of such figures depended on the correctness of numerous elements of time, efficiency of operation, and other matters affecting costs, which were matters of opinion.

After the jury had retired it sent in a question to the trial court as to whether the jury was to fix the amount of damage, if the verdict was for the plaintiff. The trial court answered the question in the affirmative. The jury then returned to the court room and eleven jurors reported a verdict for the plaintiff for $10,000. One juror dissented and voted to grant $25,000 damages. Thereupon, on plaintiff's motion, upon the ground that the verdict was inadequate, the jury was directed to retire to reconsider its verdict. Defendant objected to this procedure, but the trial court thereupon advised the jury that there was no evidence to warrant a finding of $10,000 or of $25,000 damages; that plaintiff, if entitled to recover at all, was entitled to recover the difference between the contract price and the cost of performance. The court called the jury's attention to Exhibit 12 containing the computation of damages, and stated that, while the jury might reach some different conclusion on some of the figures in the exhibit, a figure of $10,000 or $25,000 had no justification in the evidence.

A juror then asked a question as to whether they were required to find for $80,896.21. The court then stated that the jurors were to take the exhibit mentioned, and if they found some discrepancies in the figures, they might find differently as to the amounts claimed, but that they simply could not go off and speculate so as to say the damage was $10,000 or $25,000, without some basis in the evidence for it.

A second juror then asked the question whether they were required to find for $80,896.21 or nothing. The court repeated that the jury was to take the exhibit, and if it found something wrong with the figures in the exhibit, or did not agree with the cost, then it was at liberty to make some adjustments.

While the trial court at all times adhered to the correct measure of damages, and was correct in warning the jury that it must be guided by the evidence, it is our view that it erred in resubmitting the question of damages to the jury with instructions which, in effect, directed them to award a sum in excess of $25,000. To repeatedly call the jury's attention to the exhibit setting forth the summary of plaintiff's claim was likely to give the jury the impression that it was some documentary proof of damage. Exhibit 12 was merely a résumé prepared by a witness who had given opinion evidence concerning the alleged cost of certain work and material to support a claim of damage. The damage was to be measured by the prospective profits of a contractor in work that was largely speculative as to conditions to be met in finishing the work, and the opportunity for profit in performing the contract. The jury might well have disagreed with any number of the items contained in Exhibit 12, and found much less opportunity for profit than plaintiff's witness contended for therein. There was a possibility that from the evidence the jury might have found certain basic items of. cost were omitted from Exhibit 12, and that certain unit prices of cost suggested by plaintiff in preparing the bid differed widely from the estimate of cost prices shown in Exhibit 12. The opinion testimony on which Exhibit 12 was based was given by an interested witness, and, under the circumstances, the question of the credibility and weight to be afforded these claims were solely for the jury even though no contrary proof was offered. The weight to be given to opinion evidence is ordinarily for the determination of the jury. (*Commercial Casualty Ins. Co.* v. *Roman,* 269 N. Y. 451.) This error requires the reversal of the judgment.

In addition, we find that the verdict of the jury concerning the existence of the contract was against the weight of the credible evidence, in the light of all of the testimony, including the written documents.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

TOWNLEY, UNTERMYER and DORE, JJ., concur; MARTIN, P. J., concurs in result.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.