**UNITED STATES of America for Use of N. MALTESE AND SONS, INC., Plaintiff-Appellant, Cross Appellee,**

v.

**JUNO CONSTRUCTION CORP. and Insurance Company of North America, Defendants-Appellees, Cross Appellants.**

Cal. No. 405, Dockets 84–7430, 84–7460.

United States Court of Appeals, Second Circuit.

Argued Nov. 27, 1984.

Decided April 8, 1985.

---

Sari G. Leventhal, New York City (Carl N. Mione, New York City, on brief), for plaintiff-appellant cross-appellee.

Irving B. Lampert, New York City, for defendants-appellees cross-appellants.

Before TIMBERS, VAN GRAAFEILAND and PIERCE, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge.

This is an appeal and cross appeal from a judgment of the United States District Court for the Eastern District of New York which followed a non-jury trial before Judge Costantino. The judgment awarded a subcontractor, N. Maltese and Sons, Inc., $13,209.86 in damages on its claim for breach of contract against the prime contractor, Juno Construction Corporation, and the surety on Juno's payment bond, Insurance Company of North America (INA). Maltese contends that it was entitled to a larger recovery. Juno and INA contend that they, rather than Maltese, were entitled to an award of damages. For the reasons that follow, we affirm in part and vacate in part.

In October 1975, Juno entered into a contract with the Veterans Administration (V.A.) for the construction of a nineteen-story elevator shaft at the V.A. Hospital in Brooklyn, New York. Juno subcontracted out the structural steel work for the project to Maltese. Under the terms of the subcontract, Maltese agreed to fabricate, deliver, weld, and erect the structural steel for $185,000.00, to be paid in installments as the work progressed.

Maltese began fabrication at its New Jersey plant in December of 1975. The work entailed securing large steel girders from a foundry, dimensioning and cutting the girders to size, welding clips and fittings to the girders, positioning and punching holes in the girders, and fabricating miscellaneous fittings to be used in the assembly of the girders. Maltese completed the work in February of 1976, and, one month later, the V.A.'s resident engineer inspected and approved the steel for the project.

Maltese subcontracted out the construction of the steel to Garden State Erectors, Inc. During March and April of 1976, Garden State prepared the V.A. Hospital for installation of the elevator shaft by setting and welding clip angles in the wall of the existing structure. On April 19, 1976, Maltese delivered the fabricated steel to the job site, and, shortly thereafter, Garden State bolted up the first four floors of the shaft.

In accordance with the terms of its contract with Juno, Maltese then submitted to Juno a requisition totaling $121,000.00 for the work it had performed in fabricating and delivering the steel to the job site. Although Juno received payment in full of this amount from the V.A., it paid Maltese only $60,000.00 and refused to pay the balance. Because of Juno's refusal to pay this and subsequent requisitions, Maltese left the job site on July 9, 1976, serving notice on Juno that it would not proceed further with the work until full payment of its requisitions was received.

After Maltese left the job, Juno entered into a contract with United Structural Steel and Sheeting Co. to complete the construction. However, United abandoned the project on August 31, 1976, after allegedly experiencing difficulty in welding the fabricated steel. Juno then entered into a contract with Gem Steel Erectors, Inc. to complete the work. Juno paid United and Gem a total of $103,790.14 for the work they performed.

Maltese brought this suit under the Miller Act, 40 U.S.C. §§ 270a et seq., seeking the amount allegedly due it under its contract for the fabrication and delivery of the

steel and the partial construction of the elevator shaft. Appellees counterclaimed, alleging that Maltese had breached its contract by fabricating defective steel beams. Both sides appeal from the judgment that resulted.

Appellees claim of breach of contract by Maltese was based upon alleged excessive tolerances in the so-called "root openings" of the steel beams, root openings being the first paths for welds between the beams and the vertical columns. According to testimony introduced by Maltese, although the size of the root openings might affect the cost of the welding, it would not affect the integrity of the weld. The district court found that the root openings were required to be one-quarter of an inch with a plus or minus tolerance of one-eighth of an inch. It also found, however, that Maltese had complied sufficiently with American Institute of Steel Construction standards, insofar as tolerances were concerned, and that "the root openings in the majority of the connections between the columns and the beams fell within the acceptable mill tolerances." It then concluded that Juno breached its contract with Maltese by refusing to make the payments which it owed.

However, in computing the award to which Maltese thus became entitled, the district court deducted from the total adjusted contract price of $185,500.00 the sum of $68,500.00, which it found Maltese had been paid, together with the $103,-790.14 which Juno had paid to United and Gem. It then denied appellees' counterclaim for damages, stating that the "cost of correction and completion has been offset in calculating the plaintiff's damages."

■ It is hardly necessary to cite authority for the proposition that whether there has been a breach of contract is a question of fact. However, see *Sweezy v. O'Rourke*, 226 N.Y. 378, 381, 123 N.E. 752 (1919). In reviewing the district court's finding of breach by Juno, this Court there-fore is bound by the rule that " '[f]indings of fact shall not be set aside unless clearly erroneous.' " *Stafford v. International Harvester Co.*, 668 F.2d 142, 147 (2d Cir. 1981), *quoting* Fed.R.Civ.P. 52(a). There is evidence to support the district court's finding with respect to the quality of Maltese's steel work. The record reveals that the V.A.'s resident engineer inspected and approved the steel beams at Maltese's plant prior to their delivery to the job site. Moreover, whatever extra welding was required on the job was an issue between Maltese and its construction subcontractor, Garden State, and was resolved by a price adjustment in their contract. The district court did not clearly err in finding that the contract between Maltese and Juno was breached by Juno. Appellees' counterclaim based on the alleged breach was properly dismissed.

■ Although the amount of recoverable damages also is a question of fact, the measure of damages upon which the factual computation is based is a question of law. *Dana v. Fiedler*, 12 N.Y. 40, 50 (1854); *McAfee v. Dix*, 101 A.D. 69, 75–77, 91 N.Y.S. 464 (1905). Maltese, the non-defaulting party, had the option to sue Juno on the contract or in *quantum meruit*. *New Era Homes Corp. v. Forster*, 299 N.Y. 303, 307, 86 N.E.2d 757 (1949); *Paterno & Sons, Inc. v. Town of New Windsor*, 43 A.D.2d 863, 864, 351 N.Y.S.2d 445 (1974). Maltese elected to sue Juno on the contract. Under this theory of recovery, Maltese was entitled to recover the contract price less the progress payments received and the cost to it of completing the contract. *Fichter Steel Corp. v. P.T. Cox Construction Co.*, 266 A.D. 347, 348, 42 N.Y.S.2d 225 (1943); *Industrial Engineering Co. v. Republic Storage Co.*, 220 A.D. 178, 179–80, 220 N.Y.S. 623 (1927); *see also Spitz v. Lesser*, 302 N.Y. 490, 492, 99 N.E.2d 540 (1951).

■ The district court, however, calculated Maltese's damages by off-setting the

progress payments it received and the amounts which Juno paid to United and Gem. This was an error of law. There is no evidence in the record to indicate that the amounts paid by Juno to United and Gem represented a reasonable estimate of what it would have cost Maltese to complete the contract. On the other hand, there is some evidence, which the district court may or may not choose to accept, that Garden State would have completed the construction work for $36,000.00. Since Juno's costs play no part in the measurement of Maltese's damages, the matter must be remanded to the district court for a computation of damages in accordance with the proper rule of law as above set forth.

Because appellant, itself, has not clearly and correctly argued the proper measure of damages and has failed to comply with the provisions of Fed.R.App.P. 28(e), it will not be awarded costs on this appeal.

Dismissal of Juno's and INA's counterclaim is affirmed. The judgment in favor of Maltese is vacated, and the matter is remanded to the district court for further proceedings consistent with this opinion. No costs to either party.