PREMIER MOUNTINGS, INC.,
Plaintiff–Appellee,

v.

CLYDE DUNEIER, INC.,
Defendant–Appellant.

No. 04–0417–CV.

United States Court of Appeals,
Second Circuit.

Sept. 23, 2004.

---

Richard S. Lefkowitz, Lefkowitz & Edelstein, New York, New York, for Appellant.

Joseph R. Sahid, Law Offices of Joseph R. Sahid, New York, New York, for Appellee.

Present: CALABRESI, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered on January 8, 2004, is hereby AFFIRMED IN PART, REVERSED IN PART, and REMANDED for recalculation of damages and attorneys' fees.

Defendant–Appellant Clyde Duneier, Inc. ["Duneier"] appeals from the district court's January 8, 2004 judgment awarding Plaintiff–Appellee Premier Mountings, Inc. ["Premier"] $211,269.70 in contract damages and attorneys' fees. Specifically, Duneier challenges the district court's award of a $19,683.99 restocking fee in addition to a $700 refining fee, a $66,475.27 late fee, and $52,246.62 in attorneys' fees. We assume familiarity with the record before the

district court, and we hereby affirm the district court's judgment in all respects except for the award of the $700 refining fee. We reverse that single part of the judgment and remand so that the district court can delete this amount from its damages award. On remand, the district court should also recalculate attorneys' fees to reflect the $700 reduction in damages and Premier's success on this appeal.

In reviewing an award of damages entered after a bench trial, we treat the amount of recoverable damages as a question of fact that we examine only for clear error; we treat the standard used to measure damages as a question of law that we review *de novo*. *See Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193, 196 (2d Cir.2003); *Wolff & Munier, Inc. v. Whiting–Turner Contracting Co.*, 946 F.2d 1003, 1009–1010 (2d Cir.1991); *United States ex rel Maltese & Sons, Inc. v. Juno Construction Corp.*, 759 F.2d 253, 255 (2d Cir.1985). In reviewing an attorneys' fees award made pursuant to a valid contract, we review only for abuse of discretion. *See U.S. Fidelity and Guar. Co. v. Braspetro Oil Services Co.*, 369 F.3d 34, 74 (2d Cir.2004); *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d at 198–200.

### 1. The Duplicative "Restocking" and "Refining" Fees

■ Applying these principles to this case, we focus first on Duneier's argument that the district court erred in awarding Premier both the 20% restocking fee provided for in the parties' contract and a $700 refining fee actually incurred by Premier. The parties agree that an award of both fees constitutes clear error; they disagree, however, as to which fee should be deleted on remand. We conclude that it is the lesser refining fee that must be reversed.

Premier's entitlement to the 20% contractual restocking fee depends on the meaning of the word "restocking." Because the contract does not define "restocking," we conclude that the term is ambiguous. *See Scholastic, Inc. v. Harris*, 259 F.3d 73, 82 (2d Cir.2001) (noting that whether a contract provision is ambiguous is a question of law). The meaning of an ambiguous contract provision is a question of fact. *See id.* Because we conclude that the district court's adoption of Premier's expansive definition of "restocking" and its rejection of Duneier's narrow definition was not clearly erroneous, we affirm its award of the restocking fee. Accordingly, we reverse only the award of the duplicative $700 refining fee and remand so that the district court can delete this amount from its judgment.[1]

### 2. Late Fee

■ Duneier submits that the district court erred in failing to reduce its principal obligation by $58,523.22 (the value of the gold it eventually returned to Premier) *before* rather than *after* calculating the contractual late fee. We disagree.

The late fee is properly analogized to an interest award on the outstanding principal owed under the contract. The amount of principal due was a question of fact. *See Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d at 196. To the extent Duneier sought to reduce principal damages and, therefore, the interest or late fee owed thereon, it bore the burden of proof. *Cf. Air Et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 494 (2d Cir.1985) ("[D]efendant bore the burden of introducing evidence to prove that plaintiffs could have lessened

---

1. The district court itself acknowledged that an award of both the restocking and refining fees "may be double-counting" and that "it would not be appropriate to impose the additional $700 refining fee." Thus, it appears that inclusion of this amount was inadvertent.

their damages."). Because the gold was not returned immediately upon default, but over several months, and because refining was necessary before the gold was worth $58,523.22 to Premier, the district court did not clearly err in failing to credit Duneier with this amount at the very start of its late fee calculation.

■ At oral argument, Duneier suggested that even if it was not entitled to credit for the returned gold before *any* late fee was calculated, it was entitled to some credit in advance of judgment at the unspecified dates when the gold was actually refined. In response to an inquiry as to whether it adduced any evidence at trial that would have permitted the district court to make such a calculation, Duneier points to Premiere Exhibit 4. This document indicates that Premier did credit Duneier with the value of the returned and refined gold (using a London price fixed on November 6, 2001), but the credit was applied against the full outstanding balance due Premier as of September 26, 2003: $217,704.49. Because the restocking and late fees accrued as of that date exceeded the value of the returned gold, there was, in effect, no reduction of the principal on which the 1.5% late fee continued to accrue. Evidence might have been adduced and a persuasive argument made to the district court that the returned-gold credit should all have applied against the principal, but the trial record indicates that Duneier offered neither facts nor law to support such a conclusion. Certainly, appellant never submitted any such proposed calculation either in its pre-trial proposed findings of fact and conclusions of law or in its post-trial opposition to Premier's proposed calculation of damages. On this record, we cannot conclude that the district court committed reversible error in its calculation of the late fee or its credit of the returned gold.

### 3. *Attorneys' Fees*

■ Duneier's challenge to the district court's calculation of attorneys' fees assumes the success of its appellate challenge to the award of restocking and late fees. Because we reject those claims, we similarly reject the request for a sizable reduction in attorneys' fees. On remand, the district court should reduce attorneys' fees only to the extent its calculation was based on the reversed $700 refining fee. It should, however, recalculate its award to reflect Premier's successful defense of the judgment on appeal.[2] *See, e.g., F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1262–63, 1270 (2d Cir.1987) (noting that district court should determine attorneys' fees owed to successful appellee where contract provided for reimbursement of fees to "prevailing party").

In sum, we AFFIRM the district court's judgment in all respects except for its inclusion of a $700 refining fee in its award of damages. We REVERSE that single part of the judgment and REMAND for re-calculation of damages and attorneys' fees consistent with this order.

---

**2.** We expect Premier's request for fees on appeal to be modest given that its brief cited a single case.