The **MILLGARD CORPORATION,**
**Plaintiff–Appellee,**

v.

**E.E. CRUZ/NAB/FRONTIER–KEM-PER, a Joint Venture, E.E. Cruz & Co., Inc., NAB Construction Corporation, Frontier–Kemper Construction, Inc., Aetna Casualty and Surety Company, n/k/a Travelers Insurance Co., Defendants–Appellants,**

**Liberty Mutual Insurance Company,**
**Counterclaim–Defendant–**
**Appellee.**

No. 08–0081–cv.

United States Court of Appeals,
Second Circuit.

May 8, 2009.

Rex S. Heinke, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, CA (Paul W. Killian, David E. Altschuler, Katharine J. Galston,\* Akin Gump Strauss Hauer & Feld LLP, on the brief), for Appellants.

Judah D. Greenblatt, Greenblatt, Softness & Lesser, LLP, Hackensack, NJ, for Appellee Millgard.

David Westermann, Jr., Westermann Hamilton Sheehy Aydelott & Keenan, LLP, Garden City, NY, for Counterclaim–Appellee Liberty.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, ROBERT W. SWEET,\*\* District Judge.

### SUMMARY ORDER

Appellants, E.E. Cruz/NAB/Frontier–Kemper, a Joint Venture, appeal from the Order and Judgment of the Honorable Leonard B. Sand, dated and entered on December 6, 2007, as amended on December 12, 2007, and any other orders, rulings, or proceedings, giving rise to the judgment in favor of appellee, the Millgard Corporation. We assume the parties' familiarity with the facts, procedural background, and specification of issues on appeal, and note them only briefly in this order.

This is a breach of contract case involving a construction project. The Joint Venture, the contractor in a New York City contract to construct a sewer overflow facility in Flushing Bay, New York, entered into a subcontract with Millgard to build an Excavation Support System ("ESS"), a series of retaining walls around the facility. Following several problems pertaining to the design and construction of the ESS,

---

\* Application for admission pending.

\*\* The Honorable Robert W. Sweet, United States District Court for the Southern District of New York, sitting by designation.

the Joint Venture terminated Millgard for cause. The parties then embarked upon ten years of litigation, which produced eight written opinions by the district court,[1] and culminated in judgments and an award of over $10.5 million in damages in favor of Millgard.

In appealing the judgment below, the Joint Venture complains of error in the district court's rulings both as to liability and damages. Upon review, we are unpersuaded by the Joint Venture's contentions and affirm for many of the reasons stated in the district court's rulings in *Millgard II*, *Millgard V*, and *Millgard VII*.

■ *Liability.* We review the district court's interpretation of a contract de novo, its findings of fact for clear error, *see Olin Corp. v. Ins. Co. of N. Am.*, 221 F.3d 307, 320 (2d Cir.2000), but generally do not reach issues raised for the first time on appeal, *see In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008). Thus, the Joint Venture's argument that the Subcontract made City approval of the alternate soil-mix ESS a condition precedent to performance of the Subcontract fails because, the Joint Venture, by never clearly raising this issue below, waived it. *See id.* at 132–33 ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.... Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice, the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where

those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." (quotation marks, citations, and alterations omitted)). And, for substantially the reasons provided by the district court in *Millgard II*, we find no merit to the Joint Venture's argument that the district court erred in refusing to consider extrinsic evidence purportedly establishing that Millgard had a contractual obligation to achieve a certain strength in the soil-mixed columns.

*Damages.* The amount of recoverable damages is a question of fact, which we review for clear error, but the "measure of damages upon which the factual computation is based is a question of law," which we review de novo. *United States ex rel. N. Maltese & Sons, Inc. v. Juno Constr. Corp.*, 759 F.2d 253, 255 (2d Cir.1985). We review the district court's evidentiary rulings for abuse of discretion. *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir.2006). We are unpersuaded by the Joint Venture's various arguments in support of its request that we vacate the award of approximately $9.1 million in lost profits, including prejudgment interest.

■ The Joint Venture first argues that the award was based on expert testimony on use of a daily rate to calculate lost profits that the district court should have excluded under Federal Rule of Civil Procedure 37. That rule provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness ... at a trial, un-

1. *See Millgard Corp. v. E.E. Cruz/Nab/Frontier–Kemper* (*Millgard I* ), 2002 WL 31812710 (S.D.N.Y. Dec.12, 2002); *Millgard II*, 2003 WL 22741664 (S.D.N.Y. Nov.18, 2003); *Millgard III*, 2003 WL 22801519 (S.D.N.Y. Nov.24, 2003); *Millgard IV*, 2004 WL 1488534 (S.D.N.Y. July 2, 2004); *Millgard V*, 2004 WL 1900359 (S.D.N.Y. Aug.24, 2004); *Millgard VI*, 2006 WL 1699528 (S.D.N.Y. June 21, 2006); *Millgard VII*, 2007 WL 2388902 (S.D.N.Y. Aug.21, 2007); *Millgard VIII*, 2007 WL 4302492 (S.D.N.Y. Dec.5, 2007).

less the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Even assuming that the Joint Venture preserved this issue for appeal, *but see* Fed. R.Evid. 103 ("Error may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected, and ... a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context."), we conclude that any such error was harmless for the following reasons: (1) the information upon which the daily rate was based was disclosed prior to trial; (2) the use of a daily rate to compute lost profits was discussed during the trial with no objection from the Joint Venture, and with cross examination by the Joint Venture of Millgard's expert; (3) Millgard did not complain about the use of a daily rate in post-trial submissions.

■■■ We also find no merit to the Joint Venture's contention that the district court erred in awarding lost profits for the period of November 4, 1997 to March 18, 1998. The Joint Venture asserts that the alleged breach and impossibility of performance occurred simultaneously so as to extinguish any entitlement to lost profits. However, an award for breach of contract "can include damages for lost profits, even if the breach occurred before any profits were realized." *W. Geophysical Co. of Am., Inc. v. Bolt Assocs., Inc.,* 584 F.2d 1164, 1172 (2d Cir.1978). And, the claimed impossibility of performance by virtue of the inability to secure city approval for the wall designs does not alter this rule here because to excuse a party's performance and subsequent payment of damages, "impossibility must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract." *Kel Kim Corp. v. Cent. Mkts., Inc.,* 70 N.Y.2d 900, 902, 524 N.Y.S.2d 384, 519

N.E.2d 295, 296 (1987). We agree with the district court that the claimed impossibility was foreseeable, and thus that "Millgard is entitled to lost profits measured from the time of contract up to the time when it would have been terminated for convenience due to the impossibility of that design." *Millgard VII,* 2007 WL 2388902, at *4 (quotation marks omitted); *cf. W. Geophysical Co. of Am., Inc.,* 584 F.2d at 1172 ("The proper measure of damages for breach of contract is the amount necessary to put the plaintiff in as good a position as he would have been if the defendant had abided by the contract." (quotation marks omitted)). With that established, we do not find clear error in the dates selected by the court since there was evidence to support findings that: (1) the parties agreed that Millgard would begin production on November 4, 1997, and (2) the Joint Venture would have terminated the contract for convenience on March 18, 1998, the date on which the Joint Venture contractually secured another subcontractor to construct an alternative ESS.

We also find no error in the district court's determination that Millgard's profit rate was 62.57 percent of direct costs, because that rate was supported by written and oral evidence.

Finally, our review of the Subcontract reveals that there was no error to the district court's ruling that Millgard was entitled to $1,000,000 for mobilization. The Subcontract was divisible, and the district court's factual finding that Millgard had completed its mobilization work was not clearly erroneous.

We have considered the Joint Venture's other arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.